## UNITED STATES v. PITTSBURGH, C., C. & ST. L. RY. CO.

(District Court, S. D. Ohio, E. D.   December 18, 1905.)

### No. 55.

COMMERCE—SAFETY APPLIANCE ACT—CAR USED IN INTERSTATE COMMERCE.

A car employed in moving interstate traffic and not equipped with an appliance required by Safety Appliance Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174], was received from another company by defendant railroad company and hauled from one of its yards to another for the purpose of being put in a train and forwarded to its destination in another state. *Held*, that in such movement the car was being used in interstate commerce within the meaning of the act, and that defendant was liable for the penalty imposed thereby for its violation.

This is an action begun by United States Attorney McPherson upon the direction of the Attorney General at the request of the Interstate Commerce Commission, in accordance with section 6 of the act of March 2, 1893 (27 Stat. 532, c. 196), as amended by act April 1, 1896, c. 87, 29 Stat. 85 [U. S. Comp. St. 1901, p. 3175] to recover a penalty of $100 for violation of that statute.

United States Safety Appliance Inspectors H. W. Belnap and J. J. Coutts on July 25, 1905, reported that the defendant on that date had accepted Kanawha & Michigan box car No. 852 from the Toledo & Ohio Central Railway Company, and hauled same over defendant's line in the city of Columbus from its Franklinton yard to its Twentieth street yard with the grab iron, opposite the uncoupling lever on the "B" end of the car, missing. It was alleged that none had ever been applied. This car contained lumber destined to Wilkinsburg, in the state of Pennsylvania. The principal facts are further set forth in the opinion of the court.

Sherman T. McPherson, U. S. Atty., for plaintiff.
W. O. Henderson, for defendant.

THOMPSON, District Judge, after stating the facts, delivered the following opinion:

This is an action brought to recover of the defendant the statutory penalty of $100 for the violation of section 4 of the act of Congress

approved March 2, 1893 (27 Stat. 531, c. 196 [U. S. Comp. St. 1901, p. 3174]), known as the "Safety Appliance Act," and the acts amendatory thereof, because of the use of a car in interstate commerce not provided with a grab iron on the "B" end thereof. The parties having, by written stipulation filed with the clerk, waived a jury, the cause was submitted to the court by agreement of the parties upon the facts stated in the report of Government Inspectors H. W. Belknap and James J. Coutts, made to the Interstate Commerce Commission, a copy of which was presented to the court by the parties and filed herein.

The contention of the defendant is that the car in question was not in use at the time of the alleged violation of said section 4. The statement of the inspectors in relation thereto is as follows:

"This car was delivered to Penna. Co. by the T. & O. C. in this defective condition. Accepted by the Penna. Co., at their Franklinton Yard and taken to the Twentieth Street Yard to be put in a train for movement East."

When it was moved from the Franklinton yard to the Twentieth street yard, to be put in a train for movement East, it was used in interstate commerce, within the meaning of the safety appliance act, as interpreted by the Supreme Court in Johnson v. Southern Pacific Company, 196 U. S. 1, 25 Sup. Ct. 158, 49 L. Ed. 363, and there will be a finding and judgment in favor of the plaintiff, as prayed in the petition.